UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANGE LOGISTICS LLC, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:19CV1161 RLW |
| JUST, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant JUST, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 11) The motion is fully briefed and ready for disposition. After careful consideration, the Court denies Defendant's motion.

## BACKGROUND

This case arises from alleged breach of contract. Plaintiff Range Logistics LLC is a freight broker, meaning it procures transportation carriers to ship its customers' products. (Compl. ¶ 4, ECF No. 1) Plaintiff performs its services out of its only office, which is located in St. Louis County, Missouri. (*Id.* ¶¶ 8-9) Defendant JUST, Inc. is a manufacturer of various food products. (*Id.* ¶ 5) Defendant is a Delaware corporation with its principal place of business located in San Francisco, California. (*Id.* ¶ 2) Over the course of approximately five years, Defendant hired Plaintiff to broker various shipments of Defendant's products to locations around the United States. (*Id.* ¶ 6)

Plaintiff brought this action against Defendant, asserting Missouri state law claims for breach of contract (Count I), action on account (Count II), account stated (Count III), and quantum meruit (Count IV). All of Plaintiff's claims relate to specific shipments in 2018 and

2019 for which Plaintiff alleges Defendant has failed or refused to pay $211,998.96 as obligated by their agreements.

Defendant moves to dismiss Plaintiff's claims, arguing the Court lacks personal jurisdiction over Defendant. (ECF No. 11) Plaintiff opposes dismissal. (ECF No. 15)

## **LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Valez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation and citations omitted)). Where "the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). The party seeking to establish personal jurisdiction carries the burden of proof, and that burden does not shift to the party that challenges jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

"Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Under the general jurisdiction theory, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070,

1073 (8th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). However, a corporation that simply operates in many places cannot be deemed at home in all those places for purposes of general jurisdiction. *Daimler AG v. Baumann*, 571 U.S. 117, 139 (2014).

Specific jurisdiction, on the other hand, requires the suit to arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780, (2017) (citing *Daimler*, 571 U.S. at 127). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Fastpath, Inc.*, 760 F.3d at 820 (quoting *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012)). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." *Helenthal v. Polk*, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010). "Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). A defendant reasonably anticipates being haled into the forum state's court where the defendant performs some act by which it "purposefully

avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Id.* (quoting *Bell Paper Box*, 22 F.3d at 818-19).

## **DISCUSSION**

Defendant argues Plaintiff's claims against it should be dismissed because this Court lacks personal jurisdiction over it. Plaintiff asserts that the Court has specific jurisdiction over Defendant because of Defendant's repeated transactions over the course of five years with Plaintiff, whom Defendant knew was both located in Missouri and performed the entirety of its services in Missouri. Defendant replies that its phone calls, emails, and payments to Plaintiff are insufficient to confer specific personal jurisdiction over Defendant in Missouri.

Missouri law requires a court to "conduct two separate inquiries: one inquiry to establish if a defendant's conduct was covered by the long-arm statute, and a second inquiry to analyze whether the exercise of jurisdiction comports with due process requirements." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) (en banc)).

Under Missouri's long-arm statute:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;
>
> . . . .

Mo. Rev. Stat. § 506.500.1.

Due process requires that minimum contacts exist between a nonresident defendant and the forum state such that the exercise of personal jurisdiction is consistent with traditional notions of fair play and substantial justice. *Wells Dairy*, 607 F.3d at 518. The Eighth Circuit Court of Appeals has established a five-part test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Myers*, 689 F.3d at 911; *see generally Aftanase v. Econ. Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965).

Here, Defendant concedes Missouri's long-arm statute is "far reaching" and does not challenge whether the conduct at issue would fall within its coverage.[1] (ECF No. 12 at 7) Rather, Defendant argues it lacks sufficient minimum contacts for the Court's assertion of personal jurisdiction to comport with due process. According to the sworn declaration of Defendant's controller, Defendant has never created, employed, controlled or maintained any bank accounts, businesses, headquarters, manufacturing plants, agents, employees, offices, directors, or assets in Missouri. (Decl. of Ligia Kulikova ¶¶ 4-18, ECF No. 13)

Plaintiff responds that personal jurisdiction exists over Defendant "[b]ecause of Defendant's protracted and continuous transaction of business and contracts with Plaintiff in Missouri [and] its deliberate conduct of business activities with Plaintiff in Missouri." (ECF No. 15 at 1) Plaintiff admits, solely for the purpose of Defendant's motion to dismiss, that the

---

[1] In its reply memorandum, Defendant offers a new legal argument against finding that the conduct at issue here is covered by Missouri's long-arm statute. (ECF No. 16 at 2-3) The Court, however, does not consider this argument as it was raised for the first time in a reply memorandum. *See United States v. Henry*, No. 4:07-CR-129 CAS, 2011 WL 147758, at *1 n.1 (E.D. Mo. Jan. 18, 2011) (citing *Federal Trade Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009) (noting it is "generally improper to raise a new argument in a reply brief").

shipments it procured for Defendant occurred outside of Missouri. (*Id.* at 7) Nevertheless, Plaintiff argues the entirety of the services it provided as part of its contracts with Defendant were performed in Missouri.

The Court agrees with Plaintiff and finds that specific personal jurisdiction exists over Defendant such that dismissal under Rule 12(b)(2) is not warranted. The Court concedes that the first factor of the Eighth Circuit's five-part test (the nature and quality of the contacts with the forum state) weighs against finding personal jurisdiction exists over Defendant. The remaining factors, however, either weigh in favor of finding personal jurisdiction exists over Defendant or are neutral.

Defendant is correct that the Eighth Circuit has found personal jurisdiction lacking over defendants who are "not qualified to do business in Missouri; [have] no agent for service of process, offices, property, bank accounts, telephone listings, or employees here; and [do] not advertise or promote [their] business here." *Dairy Farmers of Am., Inc.*, 702 F.3d at 474. Additionally, the fact that none of Defendant's employees or product being shipped on behalf of Defendant ever entered Missouri is an important consideration. *See id.* The entirety of Defendant's contacts with Missouri were in the form of phone calls or emails with Plaintiff and payments to Plaintiff. The Eighth Circuit has held that, "[t]elephone calls . . . can be evidence of a continuous and systematic business relationship. But while phone contacts remain a consideration, they are insufficient, alone, to confer personal jurisdiction." *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996). Accordingly, the Court finds the first factor weighs against finding personal jurisdiction due to the nature and quality of Defendant's contacts with Missouri.

The second factor (the quantity of those contacts) weighs in favor of finding personal jurisdiction because of the volume of contacts throughout their business relationship. According to the sworn declaration of one of Plaintiff's two members, Defendant initiated contact with Plaintiff on about 1,500 separate occasions over five years.[2] (Decl. of Nathan J. Chew ¶ 6, ECF No. 15-1) As established by the declaration, these phone calls and emails lead to Plaintiff procuring shipments of approximately 3,022 truckloads of Defendant's product. (*Id.*) Plaintiff's claims specifically related to Defendant's alleged non-payment for the last 83 truckloads. (*Id.* ¶ 12) These relatively large numbers of contacts with Missouri easily distinguish this case from several examples cited by Defendant. *See, e.g., Burlington Indus.*, 97 F.3d at 1103 (holding that approximately 100 phone calls by defendant to plaintiff were insufficient, alone, to support a finding of personal jurisdiction); *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996) (holding that "dozens of letters and faxes and numerous phone calls" alone did not establish personal jurisdiction).

The third factor (the relationship of those contacts with the cause of action) also weighs in favor of finding personal jurisdiction because the phone calls and emails between the parties are integral to Plaintiff's claims alleging breach of contract. While phone calls and emails, standing alone, are generally an insufficient basis for personal jurisdiction, the communications here form the nexus of Plaintiff's claims. "The inquiry into specific jurisdiction does not focus on Plaintiff's contacts with the forum state, but Plaintiff's injury must be connected to Defendant's contacts with the forum state." *Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015) (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

---

[2] In addition to the approximately 1,500 separate occasions in which Defendant initiated contact with Plaintiff, Defendant has previously mailed six checks to Plaintiff, each bearing Plaintiff's Missouri address, and made two wire transfers to Plaintiff's bank account in Missouri. (Decl. of Nathan J. Chew ¶ 7, ECF No. 15-1)

Here, Defendant allegedly breached contracts that were entered into by its communications with Plaintiff in Missouri. Furthermore, the phone calls and emails between the parties in this case were not "incidental contacts" like the "scattered" phone calls and emails found to be insufficient in other cases. *See, e.g., Viasystems, Inc.*, 646 F.3d at 594. Rather, the communications Defendant initiated with Plaintiff *created the contracts* that Defendant allegedly breached.

The fourth factor (the forum's interest in providing a forum for its residents) weighs in favor as Missouri certainly has an interest in providing a forum for in-state entities like Plaintiff who act as brokers for foreign entities. The fifth and final factor (the convenience or inconvenience to the parties) is neutral here as Missouri would clearly be a convenient forum for Plaintiff but an inconvenient one for Defendant.

As explained above, the Court concludes the Eighth Circuit's five-part test weighs in favor of finding specific personal jurisdiction over Defendant. Over the course of five years, Defendant repeatedly contracted with Plaintiff while knowing Plaintiff's only office was in Missouri and for a service that was performed entirely in Missouri. Based on these facts, Defendant should have reasonably anticipated being haled into court in Missouri. "If [Defendant] wishes only to be haled into court in the states that it ships its products to and from, then it should not hire a 'middle-man' logistics company to perform a service on its behalf in another state." *See Total Quality Logistics v. Best Plastics, L.L.C.*, 930 N.E.2d 882, 893 (Ct. of Common Pleas of Ohio, Clermont Cty. 2010). Therefore, the Court has specific personal jurisdiction over Plaintiff's claims, and Defendant's Rule 12(b)(2) motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JUST, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is **DENIED**.

Defendant is reminded of its obligation to answer or otherwise respond to the Complaint (ECF No. 1) within the time set by the rules.

Dated this 2nd day of March, 2020.

*Ronnie L. White* (signature)
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**